JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

**17   3847**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Lisa Force | Life Insurance Company of North America, and Merck Sharp & Dohme Corporation |

**(b)** County of Residence of First Listed Plaintiff    Chester, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Philadelphia, PA
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Joe Capitan, Esq., Abell & Capitan Law, 1650 Market Street Floor 36, Philadelphia, PA 19103, Phone: 267-419-7888

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
        Plaintiff

☒ 3   Federal Question
        *(U.S. Government Not a Party)*

☐ 2   U.S. Government
        Defendant

☐ 4   Diversity
        *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                                 *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☒ 791 Employee Retirement Income Security Act | | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original
      Proceeding

☐ 2 Removed from
      State Court

☐ 3 Remanded from
      Appellate Court

☐ 4 Reinstated or
      Reopened

☐ 5 Transferred from
      Another District
      *(specify)*

☐ 6 Multidistrict
      Litigation -
      Transfer

☐ 8 Multidistrict
      Litigation -
      Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
29 U.S.C. § 1132(a)(1)(b)
Brief description of cause:
Plaintiff claims long term disability benefits under an employee welfare benefit plan governed by ERISA

## VII. REQUESTED IN    COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
    UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S)    IF ANY

*(See instructions):*

JUDGE

DOCKET NUMBER

AUG 25 2017

DATE
August 25, 2017

SIGNATURE OF ATTORNEY OF RECORD
Joe Capitan Esq

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

**UNITED STATES DISTRICT COURT** 17-CV-3847

**RK**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

| | |
|---|---|
| Address of Counsel for Plaintiff: | Joseph D. Capitan, Esq., Abell & Capitan Law, 1650 Market Street Floor 36, Philadelphia, PA 19103 |
| Address of Defendants: | Life Insurance Company of North America, 1601 Chestnut Street, Philadelphia, PA 19192, and |
| | Merck Sharp & Dohme Corp., One Merck Drive, Whitehouse Station, NJ 08889 |
| Place of Accident, Incident or Transaction: | Chester and Philadelphia counties, PA. |
| | *(Use Reverse Side For Additional Space)* |

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐  No☐ – **unknown**

Does this case involve multidistrict litigation possibilities?    Yes☐  No **X**

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No **X**

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No **X**

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No **X**

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No **X**

CIVIL: (Place ✔in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. **X** All other Federal Question Cases
    (Please specify) **ERISA**

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases

(Please specify)

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*

I, ___Joseph D. Capitan, Esq.___, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

**X** Relief other than monetary damages is sought.

**DATE:**  ___August 25, 2017___                                              307043
                            Joseph D. Capitan, Esq., Attorney-at-Law         Attorney I.D.#    AUG 25 2017

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

**DATE:**  ___August 25, 2017___                                              307043
                            Joseph D. Capitan, Esq., Attorney-at-Law         Attorney I.D.#

CIV. 609 (5/2012)



### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Lisa Force | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| Life Insurance Company of North America, AND | : | |
| Merck Sharp & Dohme Corp. | : | NO. **17   3847** |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants.   (See § 1:03 of the plan set forth on the reverse side of this form.)   In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                          (  )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                          (  )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    (  )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                          (  )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.   (See reverse side of this form for a detailed explanation of special
    management cases.)                          (  )

(f) Standard Management – Cases that do not fall into any one of the other tracks.           ( X )

| | | |
|---|---|---|
| <u>August 25, 2017</u> | <u>Joe Capitan, Attorney at-law</u> | <u>Lisa Force</u> |
| **Date** | **Joe Capitan, Attorney at-law** | **Plaintiff** |
| | | |
| <u>267-419-7888</u> | <u>267-270-2998</u> | <u>joe@longtermdisabilitylawyers.com</u> |
| **Telephone** | **FAX Number** | **E-Mail Address** |

AUG 25 2017

(Civ. 660) 10/02

# ABELL & CAPITAN

*America's trusted disability insurance lawyers*

1650 Market Street Floor 36, Philadelphia, PA 19103
joe@longtermdisabilitylawyers.com
P: 267-419-7888   |   F: 267-270-2998

*From the desk of Joe Capitan, Esq.*

August 25, 2017

**Via Hand Delivery**
Office of the Clerk of Court
United States District Court
Eastern District of Pennsylvania
U.S. Courthouse
601 Market Street, Room 2609
Philadelphia, PA 19106-1797

Re:    Lisa Force vs. Life Insurance Company of North America, et al.

Dear Clerk of Court:

We represent Plaintiff Lisa Force in the above-referenced matter.  Enclosed please find
the following for filing:

- Complaint, ✓
- Civil Cover Sheet, ✓
- Summons, (2) ✓
- Case Management Form, ✓
- Case Designation Form (2), ✓
- Corporate Disclosure, ✓
- CD with PDFs of the above referenced documents, and
- Check No. 312 - $400 Filing Fee ✓

If you have any questions or concerns, please feel free to contact me.

Sincerely,
ABELL & CAPITAN LAW

Joe Capitan, Esq.
*Attorney for Plaintiff, Lisa Force*



$400



**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LISA FORCE<br>170 East 7 Stars Road<br>Phoenixville, PA 19460, | : |
| Plaintiff, | : |
| v. | : Civil Action No.: **17    3847** |
| LIFE INSURANCE COMPANY OF<br>NORTH AMERICA<br>1601 Chestnut Street<br>Philadelphia, PA 19192, | : |
| and, | : |
| MERCK SHARP & DOHME CORP.<br>One Merck Drive<br>Whitehouse Station, NJ 08889, | : |
| Defendants. | : |

*FILED*

AUG 25 2017

KATE BARKMAN, Clerk
By _____ Dep. Clerk

**COMPLAINT**

Plaintiff, Lisa Force, hereby brings this civil action against Defendants Life Insurance Company of North America ("Defendant LINA") and Merck Sharp & Dohme Corp. ("Defendant Merck") and states as follows in support thereof:

### I.    NATURE OF ACTION

1.    This case involves a claim for long term disability benefits under the MERCK MEDICAL, DENTAL, LIFE INSURANCE AND LONG TERM DISABILITY PLAN ("the Plan"), which is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* Plaintiff seeks recovery

1



of benefits under the Plan's long term disability insurance coverage ("the LTD Plan") pursuant to 29 U.S.C. § 1132(a)(1)(B).   The LTD Plan is insured by Defendant Merck and administered by Defendant LINA.

## II.   JURISDICTION AND VENUE

2.   This court has jurisdiction over the issues raised herein pursuant to 29 U.S.C. § 1132(e)(1) and 1132(f) as well as 28 U.S.C. § 1331.

3.   Venue is proper in the Eastern District of Pennsylvania. *See* 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391(a)(1) and §1391(c).

4.   ERISA provides a mechanism for administrative or internal appeal of benefits denials. *See* 29 U.S.C. §1133.   The Plan's and LTD Plan's mandatory level of administrative appeal was exhausted by Ms. Force. This civil action has been properly filed in federal court.

## III.   PARTIES

5.   Plaintiff, Lisa Force, is an adult individual currently residing in Phoenixville, Pennsylvania in Chester County, located in the Eastern District of Pennsylvania.

6.   Defendant LINA is a business entity with its principal place of business in Philadelphia, Pennsylvania, located in the Eastern District of Pennsylvania.

7.   Per the Plan, Defendant LINA is the LTD Plan's Claims Administrator and is responsible for making claim determinations.

8.   Defendant MERCK SHARP & DOHME CORP. ("Defendant Merck") is a New Jersey Corporation, and a subsidiary of MERCK & CO., INC., with its principal place of business at One Merck Drive, Whitehouse Station, N.J. 08889.

2

9.    Per the Plan, Defendant Merck is the Plan Administrator and insures the LTD Plan.

10.   At all times relevant, the Plan constituted an "employee welfare benefit plan" as defined by 29 U.S.C. § 1002(1).

11.   As an employee of Defendant Merck, Plaintiff received LTD insurance coverage under the Plan as a "participant" as defined by 29 U.S.C. § 1002(7).

## IV.   CLAIM FOR BENEFITS

12.   Plaintiff, Lisa Force, is presently 52 years old.

13.   Ms. Lisa Force was first hired by Defendant Merck on October 15, 1990.

14.   Mr. Force's occupation with Defendant Merck was that of an Administrative Assistant.

15.   It is well documented over Ms. Force's 25-year career with Defendant Merck that she had many medical leaves, including FMLA job protection coverages as well as prior short term disability and long term disability claims.

16.   Ms. Force was an active, full-time employee of Defendant Merck up until her last date worked, October 25, 2015.

17.   Ms. Force has remained unable to work in her full-time occupation  as an Administrative Assistant since her date of disability, October 26, 2015, due to the severity of her physical impairments, including but not limited to: cervical spondylosis status post 2004 cervical fusion, degenerative disc disease of the lumbar spine, lupus, generalized osteoarthritis, chronic pain, malaise and fatigue, chronic obstructive pulmonary disease, chronic sinusitis, type 2 diabetes with hyperglycemia, obstructive sleep apnea, irritable bowel syndrome, and obesity.

3

18. After her last date worked, October 25, 2015, Ms. Force filed a short term disability claim with Defendant Merck.

19. Defendant Merck paid Ms. Force the maximum duration of her short term disability benefits in recognition of her inability to perform the duties of her occupation as an Administrative Assistant for Defendant Merck.

20. Due to her medical impairments, Ms. Force remained unable to return to work after exhausting her short term disability benefits and subsequently filed a LTD benefit claim with Defendant LINA.

21. The LTD Plan defines "Total Disability" as,

> Totally Disabled (or "Total Disability"). Totally Disabled means you are **unable to perform all material aspects of your occupation** during the Eligibility Period and during the first 24 consecutive months that benefits are paid under the LTD Plan. After the first 24 consecutive months of disability, you are Totally Disabled if you are unable to engage in any Gainful Employment for which you are or may become reasonably qualified by education, training or experience.

[Emphasis added.]

22. Defendant LINA denied Ms. Force's claim for LTD benefits in a March 29, 2016 decision letter.

23. Through legal counsel, Ms. Force filed a timely appeal.

24. Defendant LINA denied Ms. Force's appeal in a January 26, 2017 decision letter.

## DEFENDANT LINA'S CONTRACTUALLY ERRONEOUS VOCATIONAL FINDINGS

25. In its March 29, 2016 decision denying LTD benefits, Defendant LINA alleged that Ms. Force's occupation is categorized as a sedentary occupation according the

4

Dictionary of Occupational Titles, which requires lifting up to a maximum of 10 pounds at most.

26.   In an August 24, 2016 letter, counsel for Ms. Force issued a written request to Defendant Merck for a copy of all short term disability and LTD plan documents.

27.   Defendant Merck responded on September 1, 2016 and provided 999 pages of documentation including the 1991, 2011, and 2014 Plans as well as the 2002, 2010, 2011, 2012, 2014, and 2015 LTD summary plan descriptions which constitute the LTD Plan.

28.   The Plan, including all of the incorporated documents produced in response to Ms. Force's request, does not define the term "your occupation."

29.   Many (if not the majority) of group LTD policies insured and/or administered by Defendant LINA contain an express definition of one's "own occupation" or "regular occupation" to be the insured's job as it is generally or normally performed in the national economy or general labor market. Where such a definition is present, reliance on the Dictionary of Occupational Titles, and other standard vocational publications, to define one's occupation as it is generally performed is common and proper.

30.   Defendant LINA erred in its vocational review of Ms. Force's LTD claim where it incorrectly applied a definition of "your occupation" that does not exist in the Plan or LTD Plan.

31.   Per the Plan and its incorporated documents, and in the absence of any language to the contrary, Ms. Force's "occupation" is her specific occupation as an Administrative Assistant as she performed it for Defendant Merck, and not the job as it is generally or normally performed in a broader labor market.

5

32.     The evidence proves that Ms. Force's job was more physically demanding than
        sedentary work per the definition of this strength category in the Dictionary of
        Occupational Titles.

33.     Defendant Merck's job description for an Administrative Assistant, which was in
        Defendant LINA's possession, but ignored during its initial claim determination,
        specifies that Ms. Force's occupation requires many "material aspects," one of
        which is that the, "Position requires the ability to lift up to 25 pounds of boxed files
        or related materials."

34.     Lifting up to 25 pounds is a medium strength category characteristic per the
        Dictionary of Occupational Titles and is not consistent with sedentary work.

35.     Defendant LINA's March 29, 2016 decision to deny LTD benefits was
        fundamentally and contractually flawed where is failed to fully and fairly evaluate
        if Ms. Force was capable of "all material aspects" of her occupation as an
        Administrative Assistant for Defendant Merck.

36.     In Ms. Force's September 22, 2016 letter of appeal, counsel for Ms. Force
        submitted extensive, detailed arguments alleging that Defendant LINA erred in
        applying a definition of "your occupation" that does not exist in the plans and
        urging it to correct this fundamental error upon which all other aspects is built upon
        – the most important arguably being Defendant LINA's medical reviews which
        must consider if Ms. Force can perform "all material aspects" of her occupation.

37.     Despite the extensive contractual and vocational arguments raised by Ms. Force on
        appeal, Defendant LINA issued a January 26, 2017 appeal decision which again
        concluded, "Her occupation required Sedentary demand activities according to the
        Dictionary of Occupational Titles."

                                            6

38.     Defendant LINA's January 26, 2017 decision provided no other explanation or rationale for rejecting Ms. Force's contractual and vocational arguments raised in her letter of appeal.

39.     Section 10.4 of the Plan requires that Defendant LINA, as the Claims Administrator, "… make claims decisions under the terms of the Plan; and to provide a full and fair review in accordance with the applicable provisions of ERISA to any individual whose claim for benefits has been denied in whole or in part."

40.     Section 10.9(D)(i) of the Plan requires that the notice of denial shall contain… "the specific reason(s) for the denial."

41.     Defendant LINA's January 26, 2017 denial letter fails to provide any specific reasons or policy language to support its position that Ms. Force's occupation is sedentary.

42.     There is no evidence that Defendant LINA conducted any meaningful review of the LTD Plan's contractual language with regard to the applicable definition of "occupation," or lack thereof.

43.     There is no evidence that Defendant LINA re-evaluated or reconsidered "all" of the true "material aspects" of Ms. Force's occupation as an Administrative Assistant for Defendant Merck per the terms of the Plan and LTD Plan.

44.     Defendant LINA ignored crucial vocational aspects of Ms. Force's appeal which tainted and undermined the validity of its medical reviews.

7

## DEFENDANT LINA'S
## ARBITRARY AND CAPRICIOUS MEDICAL REVIEWS

45.     Defendant LINA's initial claim decision dated March 29, 2016 and its appeal
        decision dated January 26, 2017 relied on arbitrary and capricious medical reviews.

46.     Defendant Merck paid Ms. Force short term disability benefits for the entirety of
        the LTD Plan's elimination period.

47.     Defendant LINA cannot reconcile its denial of Ms. Force's LTD claim with
        Defendant Merck's approval of the maximum duration of her short term disability
        benefit claim.

48.     Contrary to the Plan and ERISA's mandate that a full and fair review of Ms. Force's
        claim be conducted, Defendant LINA failed to obtain all of Ms. Force's medical
        records prior to issuing its March 29, 2016 denial of her LTD claim.

49.     Defendant LINA failed to conduct a full and fair medical review that considered
        the impact of her many co-morbid impairments on Ms. Force's whole person.

50.     Defendant LINA failed to fully and fairly review Ms. Force's LTD claim by
        ignoring and/or minimizing Ms. Force's complicated, longitudinal medical history
        requiring multiple medical leaves prior to her last date worked on October 25, 2015.

51.     Defendant LINA failed to fully and fairly review Ms. Force's LTD claim by
        ignoring the objective medical evidence supporting her "Total Disability."

52.     Defendant LINA failed to fully and fairly review Ms. Force's LTD claim by
        ignoring and/or minimizing the fully-favorable medical opinions of long-time
        treating physicians Dr. Goldberg and Dr. Bree.

8

53.     Defendant LINA failed to fully and fairly review Ms. Force's LTD claim by ignoring and/or minimizing the findings of a two-day functional capacity evaluation supporting her "Total Disability."

54.     Defendant LINA failed to fully and fairly review Ms. Force's LTD claim by not considering her symptoms and their impact on the significant cognitive and mental demands of her occupation.

55.     Defendant LINA's January 26, 2017 appeal decision was arbitrary and capricious where it was based on the opinion of a non-examining physician, Dr. Belcourt, who opined in a December 13, 2016 report that, "There is no evidence [Ms. Force] is functionally limited." and "Restrictions are not medically necessary."

56.     Dr. Belcourt's opinion is without rationale support and is inconsistent with the prior opinion of Defendant LINA's non-examining physician, Dr. Minteer.

57.     The opinion of Defendant LINA's paid medical consultants are inherently flawed and unreliable where they evaluated whether or not Ms. Force could perform the physical demands of a sedentary occupation, not "all material aspects" of her occupation as an Administrative Assistant for Defendant Merck.

58.     Defendant LINA's March 29, 2016 and January 26, 2017 written decisions finding Ms. Force capable of sedentary work is supportive of her "Total Disability" where the occupation of an Administrative Assistant at Defendant Merck requires the ability to lift/carry up to 25 pounds.

59.     Defendant LINA had the power and/or authority per the Plan and LTD Plan to order Ms. Force to attend an in-person independent medical examination.

60.     Defendant LINA failed to order Ms. Force to attend an in-person independent medical examination.

9

61.    Defendant LINA had the power and/or authority per the Plan and LTD Plan to order Ms. Force to attend a functional capacity evaluation.

62.    Defendant LINA failed to order Ms. Force to attend a functional capacity evaluation.

## DEFENDANT LINA'S ARBITRARY AND CAPRICIOUS DECISION TO REJECT AND NOT PROCESS MS. FORCE'S VOLUNTARY APPEAL

63.    Section 10.9(D)(iv) of the Plan provides that notice of denial shall contain… "a description of the Plan's claim and appeal procedures and applicable timeframes."

64.    Section 10.10(A) of the Plan provides that, "A claimant whose claim for benefits under the plan has been denied, in whole or in part, shall have the right to appeal the denial."

65.    Section 10.10(D) of the Plan provides that, "A claimant who has had a claim for disability benefits as described in Section 4.4 wholly or partially denied by the Claim Administrator or is otherwise adversely affected by action of the Claim Administrator, shall have the right to request review of the Claim Administrator."

66.    Ms. Force filed a timely appeal of Defendant LINA's March 29, 2016 denial; thus, she exhausted her mandatory administrative appeal remedies per the Plan and LTD Plan.

67.    Section 10.10(F) of the Plan provides that, "If the appeal is denied, in whole or in part, the claimant shall be notified of the adverse benefit determination in writing. The notice of denial shall contain the following information:… **(v) a description of any voluntary appeals procedures offered by the Plan, if any, and a statement that the claimant has the right to obtain information about the voluntary appeals process…**". [Emphasis Added.]

10

68.    Defendant LINA's January 26, 2017 appeal decision upholding its denial of Ms.

Force's LTD claim stated, "If you disagree with our determination and wish to have

it reviewed, please follow the steps described below… A second appeal request is

not required **but will be accepted if you have different or additional information**

**to submit.** Here is how to submit a second appeal review… You may also submit

additional information. Additional information **may include, but is not limited to**:

medical records from your client's doctor and/or hospital, test result reports,

therapy notes, etc. **These medical records should cover the period of 10/26/15**

**through the present.**" [Emphasis added.]

69.    Through counsel, Ms. Force submitted a timely voluntary appeal dated July 9, 2017

that included, in part, the June 12, 2017 independent medical expert report of an

examining board certified physiatrist and 836 pages of personnel records produced

by Defendant Merck documenting her many prior approved medical leaves.

70.    Plaintiff's independent medical expert reviewed all of Ms. Force's medical

evidence from 2015 through the date of the report, conducted a detailed physical

examination with abnormal findings, and considered the opinions of Ms. Force's

treating physicians as well as the full written reports of Defendant LINA's

consultants, Drs. Minteer and Belcourt.

71.    The June 12, 2017 independent medical expert report was specific in its

consideration of Ms. Force's work capacity from October 26, 2015 through 2017

and concluded that,

> **It is my opinion that from October 26, 2015 to the present, Ms.**
> **Force has not been capable to work as an administrative**
> **assistant as noted in her job description.** Specifically, she is not
> able to maintain a full-time job at eight hours per day, five days per
> week, in that position, which requires sitting most of the time and

reaching, handling and fingering frequently, i.e. two and a half to
five hours per each eight hour workday. She has chronic pain and
multiple functional impairments that are aggravated by activities
such as those outlined above, and as such, her pain and other
symptoms prevent her from performing skilled work that requires
multitasking directing others, dealing with people on a constant
basis, as well as utilizing independent decision-making on a regular
basis. I am in agreement with the opinions of Dr. Goldberg and Dr.
Bree in terms of Ms. Force's disability. The findings of the
functional capacity evaluation are valid study indicative of
significant functional limitations which certainly objectively
outlined Ms. Force's physical and functional impairments that
would preclude her from gainful employment. She would not be
able to maintain gainful employment and certainly would require
multiple breaks and multiple work absences as the result of her
conditions, and in fact, she has needed those absences in the past
leading up to her end of employment in October 2015. Her medical
records identify multiple medical conditions including significant
cervical lumbar degenerative joint and disc disease and stenosis,
fibromyalgia, peripheral neuropathy, as well as an anxiety disorder.
These abnormal findings on physical examination today are
consistent with her medical records in terms of her multiple
orthopedic and medical conditions. I am in disagreement with the
opinions of Dr. Belcourt and Dr. Minteer…

[Emphasis added.]

72.   Through counsel, Ms. Force also raised additional arguments in her voluntary

appeal letter for Defendant LINA's consideration.

73.   Defendant LINA responded in a July 21, 2017 letter that,

Please note that we will accept two (2) appeals from the claimant for
any single denial. **However, the second request for appeal is a
voluntary level of appeal provided by us.** Therefore, the appeal
must include new medical information not previously reviewed and
relevant to the time. At issue, along with the written request, or it
will not be considered an appeal. The evidence you provided is
regarding Ms. Force's condition as of 04/26/2016 through
06/12/2017. The medical information does not provide any
additional information about your client's condition and
functionality at the time you stopped working on 10/26/2015. As
such, we can not consider this information for appeal at this time.

As stated in the previous denial letters, you will need to provide us
with relevant medical documentation that we have not previously

considered to support your appeal. Medical documentation includes, but is not limited to: physician's office notes, hospital records, consultation reports, test result reports, neuropsychological testing, therapy notes, etc. these medical records should cover the period of 10/26/2015 through her benefit waiting period 04/25/16.

[No emphasis added.]

74.    Defendant LINA's basis for rejecting Ms. Force's voluntary appeal, i.e. "The evidence you provided is regarding Ms. Force's condition as of 04/26/2016 through 06/12/2017.", is untrue on its face.

75.    Defendant LINA's decision to reject Ms. Force's voluntary appeal is contrary to the express terms of the Plan, the LTD Plan, and its own voluntary appeal process outlined in its January 26, 2017 and July 21, 2017 letters.

76.    Ms. Force complied with each and every voluntary appeal procedure and requirement designed by and offered to her by Defendant LINA.

77.    Ms. Force did provide, without question, additional medical evidence from an examining board certified physiatrist directly and expressly relevant to the time period of October 25, 2015 through present.

78.    Ms. Force also provided new, additional vocational and medical evidence from her employer Defendant Merck pre-dating her last date worked, October 25, 2015, which was relevant to establish the chronic nature of her disabling, co-morbid medical impairments.

## DEFENDANT LINA'S ARBITRARY AND CAPRICIOUS BEHAVIOR

79.    Defendant LINA abused the Plan and LTD Plan's grant of discretionary authority.

80.    Defendant LINA's classification of Ms. Force's occupation as a sedentary occupation contradicts the terms of the Plan and LTD Plan; thus, this fundamental failing constitutes arbitrary and capricious behavior.

13

81.     Defendant LINA was arbitrary and capricious where is relied on medical reviews
        that are inconsistent with the totality of the evidence and without rationale support.

82.     Defendant LINA was arbitrary and capricious where it failed to honor its own
        voluntary appeal review procedures and guidelines that it designed and offered to
        Ms. Force through the use of its grant of discretionary authority from Defendant
        Merck.

83.     As a direct and proximate result thereof, based on the evidence submitted to
        Defendant LINA establishing that Ms. Force met the LTD Plan's definition of
        "Total Disability" from her last date worked, October 25, 2015, through present
        and continuing, Plaintiff is entitled to payment of monthly LTD benefits from
        Defendant Merck retroactive from the first date benefits were payable through
        present.   These benefits should be continued by Defendant Merck as long as
        Plaintiff remains "Totally Disabled" in accordance with the terms of the LTD Plan
        as administered by Defendant LINA.

## V.     **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

A.      That the Court enter judgment in Plaintiff's favor and against Defendants; and

B.      That the Court order Defendant Merck to pay disability benefits to Plaintiff in an
        amount equal to the contractual amount of benefits to which Plaintiff is entitled;
        and

C.      That the Court order Defendant Merck to pay Plaintiff prejudgment interest on all
        benefits that have accrued prior to the date of judgment; and

D.      That the Court award Plaintiff attorney fees pursuant to 29 U.S.C. § 1132(g); and,

                                            14

E.      That Plaintiff recover any and all other relief to which Plaintiff may be entitled,

including, but not limited to, remand to Defendant LINA for further administrative

proceedings (i.e. Defendant LINA's voluntary appeal review process), as well as

the costs of suit.

Respectfully submitted,

By:     _____

Joseph Capitan, Esq.      PA Bar No. 307043
Abell & Capitan Law
1650 Market Street, 36th Floor
Philadelphia, PA 19103
Phone: (267) 419-7888
Fax: (267) 270-2998
joe@longtermdisabilitylawyers.com
*Attorney for Plaintiff, Lisa Force*

15